Boyer *v.* Sweet.

## JOHN K. BOYER, plaintiff in error, *v.* ALANSON SWEET, defendant in error.

*Error to Cook.*

The common law is adopted in this State by legislative enactment; but this must be understood only in those cases where that law is applicable to the habits and condition of our society, and is in harmony with the genius, spirit, and objects of our institutions.

In the case of open accounts, composed of many items, where the entries are made by the party himself, no clerk being employed, the book of accounts is admissible in evidence, upon proof being made, by a person who has dealt with the party, and settled by the same book, that it is the party's book of accounts, and is fair and correct, and that some of the articles charged were delivered at about the time the entries purport to have been made, and that the entries are in the handwriting of the party producing the book. But this rule would not apply to an account for money lent, nor to an account containing a single charge only.

THIS cause was heard in the Court below, at the April term, 1840, before the Hon. John Pearson.

HENRY BROWN, for the plaintiff in error, cited Vosburgh *v.* Theyer, 12 Johns. 461; Case *v.* Potter, 8 Johns. 211; Pitman *v.* Maddox, 2 Salk. 690; 1 Salk. 285; 1 Washington 76; 2 Mass. 217; 1 Dallas 238; 1 Binney 234; Evan's Pothier, part 4, article 2, § 4, 438; 1 Stark. Ev. 315, 317.

GILES SPRING and G. GOODRICH, for the defendant in error, contended, that where our statute prescribes no rule, our courts are to be governed by the common law, and the English rule is, that even shopkeeper's books cannot be admitted as evidence for the shopkeeper. 2 Salk. 690; Buller's N. P. 282. In 1 Salk. 285, the same rule was adopted. See also 1 Wash. 76. But they have never admitted books as evidence of a single charge, in any State. Where books, accompanied by the oath of the party, may be admitted, shopkeeper's books alone are intended. 8 Johns. 211; Platt's opinion, in 12 Johns. 462.

BREESE, Justice, delivered the opinion of the Court:

It appears by the record in this case, that the plaintiff in error brought an action of *assumpsit*, in the Cook Circuit Court, against the defendant in error, for work and labor done, and for goods, wares, and merchandise, sold and delivered by him to the defendant, at his special instance and request, accompanying his declaration with a bill of particulars, consisting of lime and stone, sold and delivered in May, June, July, August, and November, 1835.

The general issue was pleaded, with notice of setoff. On the trial, as appears from the bill of exceptions taken in the cause, the plaintiff proved the delivery of stone and lime to the defendant, at different times in 1835, and then produced in Court, an account

book containing charges for those articles, against the defendant, as made in that year, and proposed to ask a witness the following questions :

*First.* Did the plaintiff keep a clerk in 1835 ?

*Second.* Is the book now in Court, the plaintiff's book of accounts, and are the entries therein, in his hand writing ?

*Third.* Is his book fair and correct, and have you settled with him on that book, and found it correct ?

*Fourth.* Were any part of the stone and lime in said book delivered ?

To the evidence sought to be produced by these questions, the defendant objected, and the objection was sustained by the Court, and an exception taken. A verdict and judgment were rendered for the defendant, and the cause brought here by a writ of error. The principal error assigned is, in this rejection of the evidence offered by the plaintiff. No objection is made to the form of the questions, or any other point contested, except this. What is the rule of evidence in cases of running accounts, composed of many items, where no clerk is employed, and where the delivery of all the articles charged cannot be positively proved ?

On the argument here by the counsel for the defendant in error, it is insisted, that inasmuch as we have adopted the common law of England, we have adopted, likewise, all its rules ; and that resort must be had to the decisions of the British courts, to ascertain what is the rule in any given case, wherein the legislature has not provided one. It is true, we have, like most other States in the Union, adopted the common law, by legislative act ; but it must be understood only in cases where that law is applicable to the habits and condition of our society, and in harmony with the genius, spirit, and objects of our institutions.

Generally, too, the decisions of those courts furnish strong evidence of what the common law is ; but it is equally true, that they have made many innovations upon its original principles, and refining upon the adjudications of one another, many of them have become very much modified, or wholly changed. The courts of the several States have also taken advantage of its pliant nature, in which consists one of its greatest excellencies, and adapted it to the evervarying exigences of the country, and to the everchanging condition of society. This results from necessity ; and in our further progressive improvement, other and more extensive modifications will be effected. Some rules of the common law suited to a highly refined and luxurious people, where every description of business is reduced to a system, and a minute division of labor exists, may be very ill adapted to a community differently situated. There are some great leading principles, some fundamental rules which are never departed from, being founded in the common reason of every man, and which no change of his condition can alter. In regard to evidence, one of them is, that the best of which the nature

of the case is susceptible, and in the power of the party to produce, must, in all cases, be produced. This is all that is demanded of suitors in courts, and it is upon this principle, that the rule in England, declaring the books of a tradesman not to be evidence, unless supported by the oath of the clerk who made the entries, or by proof of his handwriting, if he is dead, is based. It has never been decided there, that if this evidence is not in the power of the party, where he kept no clerk, that secondary evidence shall not be resorted to. The rule would be the same here, if the party employed a clerk, the best evidence would be his entries, or proof of the actual delivery to, or admission by the party charged, if such existed.

In the case, then, of open accounts, composed of many items, where the entries are made by the party himself, no clerk being employed, where some of the articles are proved to have been delivered to the party charged, and no admission made by him, and no receipt taken from him, what other evidence in the power of the party to produce could be offered, than the books themselves, fortified by the testimony of disinterested persons, that they have settled their accounts by them, and that they are fairly and honestly kept?

From the nature of such dealings, no other evidence could be adduced, and we see no danger to be apprehended in admitting it. It is safe in practice, and tends to promote the ends of justice.

If all men were equally honest, such accounts would be admitted, when presented, and proof of such admission would be the best evidence. But they are not so ; they will not make honest admissions, when charged, and no recovery could be had against them, because the party trusting him did not employ a clerk, or a standing witness to testify to all the items.

There being no clerk, no witness to the transactions, and no admissions of the party charged, to offer to the jury, the next best evidence would be the proof of circumstances from which the jury might infer the fairness and honesty of the whole account. These circumstances would be proof of the delivery of some of the articles charged, at or about the time the entries purport to have been made ; that he kept no clerk at the time ; that the book produced is his book of accounts ; that the entries are in his handwriting ; and that they are made honestly and fairly, and this, by the testimony of those who have dealt with him, and settled by that book. Such facts would furnish strong presumptive evidence of fairness, and subject to be rebutted by proof from the other side, could not work injustice, or mislead a jury. No rule of law is violated, by permitting such facts to go to the jury, for their consideration, and in a great majority of cases, they are the only facts that can be offered.

This rule would not apply to an account for money lent, as that is not usually the subject matter of account, notes being generally

The People v. Moon *et al.*

taken, nor to an account containing a single charge only, as that would show no regular dealings between the parties.

In many of the States, books of accounts are admitted in evidence, after being fortified by the oath of the party. In other States, the books, with the suppletory evidence proposed to be given in the case under consideration, are admitted, as circumstances from which the jury may or may not, in their discretion, infer that the whole of the articles charged were in fact delivered. We think, then, that the Circuit Court in rejecting the evidence offered, erred, and accordingly reverse the judgment with costs, and remand the cause with instructions to award a *venire de novo*, and to admit the testimony offered by the plaintiff.

*Judgment reversed.*